IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD BROWN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 5:11-cv-447-MTT-CHW |
| | : | |
| CLINTON PERRY, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **ANTHONY BERNARD BROWN**, a prisoner at McEver Probation Detention Center in Perry, Georgia, has filed a *pro se* 42 U.S.C. § 1983 civil rights action. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to prepay the filing fee. The Court thus **GRANTS** Plaintiff's motion to proceed in *forma pauperis* [Doc. 2] and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is accordingly **DIRECTED** to send a copy of this Order and Recommendation to the business manager of McEver Probation Detention Center.

The Court has also conducted a review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), and finds that the Complaint fails to state cognizable claims against Defendant Clinton Perry Jr. It is, therefore, **RECOMMENDED** that all claims against Defendant **Clinton Perry Jr.** be **DISMISSED** from this action under 28 U.S.C. § 1915A(b)(1). Service is **ORDERED** only as to Defendant **Beth Kaplan**.

1

**STANDARD OF REVIEW**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A district court must, nonetheless, dismiss a prisoner complaint after the initial review if (1) "it is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. "[T]hreadbare recitals of the elements of a

2

cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## STATEMENT AND ANALYSIS OF CLAIMS

The present civil rights action arises an injury suffered by Plaintiff ANTHONY BERNARD BROWN and the conditions of his confinement at McEver Probation Detention Center. According to the Complaint, Plaintiff fell off his top bunk on October 31, 2011, and suffered an injury to his right hand. Plaintiff was provided with medical treatment the following morning; but the nurse, Defendant Beth Kaplan, advised Plaintiff that nothing was wrong with his hand. She merely provided him with a small wrap and 200 mg of ibuprofen. Defendant Kaplan refused to x-ray Plaintiff's hand or to refer him to a physician. Plaintiff insists that his hand is broken and that his bone is in fact "popping out of [his] hand." Plaintiff claims that he is enduring extreme pain and has been forced to do work detail in the cold weather despite his plain injury.

Plaintiff also attempts to hold the Superintendent at McEver, Defendant Clinton Perry, Jr., responsible for the alleged inadequate medical care. The Complaint alleges that "Clinton Perry Jr. seems not to care what happens to probationers." Plaintiff further alleges that he is being "malnourished" at McEver, that the cooks are serving small portions of food, and that he was denied nutrition when he was not allowed to replace a leaking milk carton.

In light of these allegations, the Court presumes that Plaintiff has attempted to state Eighth Amendment claims against both Defendants. Plaintiff's claims against Defendant Beth Kaplan arising out of the alleged inadequate medical care will be allowed to go forward. Plaintiff, however, has failed to state any arguable claim for relief against Defendant Clinton Perry Jr.

    A.  <u>Claim against Beth Kaplan</u>

In his Complaint, Plaintiff asserts that Defendant Beth Kaplan is failing to provide him with needed medical care. To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege acts or omissions amounting to deliberate indifference to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). These allegations must satisfy both an objective and subjective component. <u>Hill v. DeKalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by* <u>Hope v. Peltzer</u>, 536 U.S. 730, 739 (2002). Thus, to survive a frivolity review, a plaintiff must allege (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended, and (2) that the defendant had subjective knowledge of a risk of serious harm to the plaintiff but disregarded that risk. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 (11th Cir. 2000); <u>Bozeman v. Orum</u>, 422 F.3d 1265, 1272 (11th Cir. 2005). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003). Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

In the present case, Plaintiff asserts that he suffered a severe injury to his hand, which is easily recognized by a layman. He alleges that his hand is broken and that bone is in fact "popping out of [his] hand." When accepting this allegation as true, the Court must find that Plaintiff has alleged a serious medical need and that Defendant Kaplan was deliberately indifferent to that need. This claim will accordingly be allowed to go forward.

    B.  Claims against Clinton Perry

Plaintiff's inadequate medical care claim against Defendant Clinton Perry, however, appears to be based more upon Defendant Perry's role as a supervisor than on any action on the part of Defendant Perry. It is well settled that wardens and other supervisory officials are not liable under Section 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To state a viable claim against a supervisory official, a plaintiff must allege that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id. Plaintiff has failed to link Defendant Perry to the alleged lack of adequate medical care in this case.

Plaintiff has likewise failed to state any arguable claim against Defendant Perry based upon the conditions of his confinement. In this regard, Plaintiff only alleges that he is getting small amounts of food and was not allowed to replace leaky milk carton. The cruel and unusual punishments standard of the Eighth Amendment does require prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S.

825, 832 (1994).  Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted).  Thus, to prevail on a condition of confinement claim, a plaintiff must demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue." Id. Under the first prong, the Court must assess whether the alleged condition is "extreme," posing "an unreasonable risk of serious damage to [the prisoner's] future health or safety." Id.

Plaintiff has not met that standard here.  His allegations fall well short of demonstrating an unconstitutional denial of food.  The Complaint does not provide any details about the size and nutritional value of the meals he routinely receives or the severity of the hunger pangs and/or weight loss caused by the small meals.  He also did not indicate that he required any sort of medical treatment or otherwise suggest that the small meals posed an unreasonable risk of serious harm to his current or future health.  Plaintiff has thus failed to demonstrate a potential Eighth Amendment violation with respect to the conditions of his confinement.  See Moulds v. Bullard, 345 Fed. Appx. 387, 393 (11th Cir. 2009).

## CONCLUSION

Having conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that the Complaint fails to arguably state any claim against Defendant Clinton Perry, Jr.  It is, therefore, **RECOMMENDED** that all claims against Defendant **Perry** be **DISMISSED** under 28 U.S.C. § 1915A(b).  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within **FOURTEEN (14) days** after being served a copy of this Order.

Plaintiff's claims against Defendant **Beth Kaplan** will be permitted to proceed beyond the frivolity review stage.   It is thus **ORDERED** that service be made against Defendant Kaplan and that she file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendant is also reminded of her duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

All parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to requests exceeding these limitations.

### **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

### **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 23rd day of November, 2011.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge