IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD BROWN, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:11-CV-447 (MTT) |
| SUSAN E. KAPLAN, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Defendant Susan E. Kaplan's Motion to Dismiss. Doc. 13. Because Plaintiff Anthony Bernard Brown failed to exhaust his administrative remedies, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

FACTUAL AND PROCEDURAL HISTORY

On November 9, 2011, Plaintiff filed his Complaint under 42 U.S.C. § 1983 alleging that Defendant denied Plaintiff adequate medical treatment for his broken hand in violation of Plaintiff's Eighth Amendment rights. According to the Complaint, Plaintiff fell off his top bunk on October 31, 2011 while incarcerated at the McEver Probation Detention Center (MPDC). As a result of his fall, Plaintiff injured his right hand. The following morning, Plaintiff was seen by Defendant, who is a nurse at the MPDC. Defendant informed Plaintiff that there was nothing wrong with his hand and provided Plaintiff with a small wrap and 200 mg of ibuprofen. Defendant did not x-ray Plaintiff's hand or refer him to a physician. Plaintiff maintains that his hand is broken and that his bone is "popping out of [his] hand." Doc. 1. Plaintiff claims that he continues to suffer extreme pain in his hand as a result of Defendant's failure to adequately treat his injury.

1

DISCUSSION

Defendant's Motion to Dismiss argues, *inter alia*, that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. Because Plaintiff did not file a grievance regarding his failure to receive adequate medical treatment, Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act (PLRA) mandates that an incarcerated plaintiff must exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. at 1082. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the compliant is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

This case is able to be resolved at the first stage of the Turner analysis because the evidence presented by both parties shows that Plaintiff did not file a grievance regarding allegations of inadequate medical care. In support of her motion, Defendant submitted the affidavit of Malinda Anderson, the Grievance Coordinator at the MPDC. Anderson Aff. (Doc. 13-2). Defendant also attached a copy of the Georgia Department of Corrections Standard Operating Procedure to Anderson's affidavit. Attachment A (Doc. 13-2). Anderson's affidavit and the GDOC SOP provide a detailed three-step grievance procedure that must be followed by inmates. Anderson's affidavit also indicates that all inmates at the MPDC receive orientation on GDOC's grievance process, and that Plaintiff specifically received orientation on the grievance process upon entering the MPDC. Anderson also stated that she maintains a log of all offender grievances at the MPDC and that Plaintiff never filed a grievance regarding allegations of inadequate medical care.

In his Complaint, Plaintiff admits that he did not file a grievance regarding his allegations of inadequate medical care. Plaintiff filed his Complaint on the standard from for Section 1983 complaints provided by this Court. In response to the question asking if Plaintiff presented his complaint to the institution as a grievance, Plaintiff checked the box indicating that he did not do so. When asked to explain why not, Plaintiff answered, "[i]t wouldn't do any good because nothing ever get done when grievances are filed here." Doc. 1. Even if the grievance procedure at the MPDC is futile or inadequate, however, Plaintiff is still required to exhaust his administrative remedies. See Alexander, 159 F.3d at 1326.

## **CONCLUSION**

Because Plaintiff failed to exhaust his administrative remedies regarding Defendant's alleged failure to adequately treat Plaintiff's hand injury, it is hereby **RECOMMENDED** that

Plaintiff's claim be **DISMISSED** without prejudice. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of June, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge